AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*March 21, 2025*
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Mauro Esteban GARZA-TORRES | ) | Case No. |
| | ) | 7:25-0546-M |
| (DOB: 1973 CoC: Mexico) | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 3rd, 2023__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18, U.S.C. § 1343 | Wire fraud |

This criminal complaint is based on these facts:
See "Attachment A."

☑ Continued on the attached sheet.

*Complaint approved by AUSA Patricia Profit*

Submitted by reliable electronic means, sworn to and attested to telephonically per Fed. R. Cr. 4.1., and probable cause found on:

Sworn to before me and signed in my presence.

Date: __03/21/2025__

City and state: __McAllen, Texas__

/s/ Wesley G. Jones
*Complainant's signature*

Wesley G. Jones, Special Agent
*Printed name and title*

*Judge's signature*

Nadia Medrano, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

I, Wesley G. Jones, am a Special Agent (SA) of U.S. Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) and have direct personal knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

On January 30th, 2025, HSI SAs met with and interviewed a cooperating witness to investigate suspicions that Mauro Esteban GARZA-TORRES (hereinafter "GARZA"), was involved in a scheme to defraud the United States and Mexican governments of revenue by engaging in a scheme to over and under-valuate merchandise, namely heavy machinery, while exporting it from the U.S. to Mexico. This cooperating witness, a knowledgeable party within a U.S.-based freight forwarding company with whom GARZA has had a business relationship for many years, explained that GARZA has knowingly and complicitly done so to gain a business advantage and avoid taxes in the U.S. and Mexico.

The cooperating witness explained that GARZA buys heavy machinery of low quality from auctioneers and minimally repairs them or repaints them to create an appearance of inflated value. These machines are then marketed and sold to customers abroad in Mexico who are willing to pay an inflated sum for their purchase but prefer to avoid taxes, tariffs, and other fees to the greatest extent possible. The cooperating witness showed documents to SAs demonstrating this scheme and explained GARZA and the cooperating witness's company,

together with these buyers, provide false information to multiple parties by wire communication to profit from the sale of heavy machinery to these Mexican buyers.

Specifically, GARZA produces and submits electronically, in collaboration with the cooperating witness, three sets of invoices and accompanying documents: one invoice reflecting the actual sale price of the machinery for the customer; a devaluated invoice closely matching the machinery's market value in the U.S. intended for U.S. Customs intended to minimize potential taxes owed; and a radically devalued (often upwards of 50% or greater) invoice presented to Mexican customs officials which reduces tariff expenses.

To further conceal GARZA's business dealings the freight forwarding company deliberately prepares and submits false Electronic Export Information documents to U.S. Customs which exclude GARZA as the U.S. Principal Party in Interest for the merchandise exported. In this manner, GARZA's export activities are completely concealed from reporting for purposes of tax and other reporting requirements.

In furtherance of this scheme the cooperating witness additionally explained that they and GARZA communicate electronically through various means, including electronic mail, cellular telephone, and application-based messaging services (primarily "WhatsApp", whose servers are principally located in the State of California and thus affecting interstate commerce).

On March 20, 2025, SAs apprehended GARZA on suspicion that he is unlawfully present in the United States. GARZA, a citizen and national of Mexico, arrived and was admitted to the United States in Atlanta, Georgia on a B1 nonimmigrant visa June 7th, 2011, with a period of admission lasting until September 5th, 2011. GARZA thereafter failed to depart the United

States on or prior to September 5th, 2011. GARZA is an alien present unlawfully in the United States and subject to removal. SAs thereafter conducted an audio-recorded custodial interview with GARZA wherein he read, understood, and waived his rights per *Miranda v. Arizona* orally and in writing and voluntarily gave a statement.

GARZA explained to SAs that the above-described scheme that the cooperating witness illustrated is an accurate description of his business dealings. GARZA stated that he and the freight forwarding company knowingly and willingly agree to prepare and submit false invoices at the behest of his Mexican buyers. GARZA stated the freight forwarding company and he engage in the scheme for profit, stating that his sales agreements to Mexican customers are predicated on the use of the manner and means described above. GARZA stated this fraud is essential to his business and that without agreement with Mexican customers to devalue exported merchandise and electronically submit documents related to his merchandise's value GARZA would fail to obtain sales and thereby profit or obtain money.